**McFarland COCKRILL**
**v.**
**UNITED STATES.**
**No. 315–58.**

United States Court of Claims.
July 19, 1961.

Lewis W. Evans, Washington, D. C., for plaintiff. Samuel T. Ansell, Jr., and Ansell & Ansell, Washington, D. C., were on the briefs.

John R. Franklin, Washington, D. C., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

MADDEN, Judge.

The plaintiff seeks to recover certain money which the Government collected from him by withholding certain retired pay, otherwise admittedly due him, because, the Government claimed, he owed money to the Government on another account.

The plaintiff was retired from the United States Army on October 31, 1946, in the grade of Colonel. His retirement was for physical disability. From November 1, 1946, to December 15, 1951, he was employed by the Fort Sam Houston Golf Club, which club was a nonappropriated fund activity of the United States Army. He was paid a total amount of $16,050 by the club. In 1954 the Comptroller General of the United States notified the plaintiff that his receipt of both his retired pay and the club salary during the years 1946 to 1951 had been in violation of section 212 of the Economy Act of June 30, 1932, 47 Stat. 406, as amended, 5 U. S.C.A. § 59a.

The Economy Act, at the time here involved, provided, so far as here applicable, that a retired commissioned officer of the Armed Services whose retired pay was more than $3,000 per annuum could not be paid a salary of a civilian office "under the United States

Government" unless he elected to waive his retired pay while he was drawing the civilian salary.

The fiscal officers, following the Comptroller General's instruction, applied $3,-622.64 of money which became due to the plaintiff in 1954 on another account which is not in question here, as part repayment of the $16,050 which, the Comptroller General held, the plaintiff had to pay back to the Government. Before any other money was retained by the Government from the plaintiff's retired pay, to reimburse the Government for the balance of the $16,050, Congress passed a statute waiving the balance of the Government's claim. The plaintiff's suit is, then, for the $3,622.-64. More about that statute appears hereinafter.

The plaintiff says that his employment at the golf club was not a civilian office or position "under the United States Government," hence the Economy Act was not applicable and the collection by the Government of the $3,622.64 was illegal. The Government says that the Economy Act was applicable and that, in any event, the statute referred to above, waiving the Government's claim to the balance of the $16,050 in question, specifically foreclosed any claim which the plaintiff might otherwise have had for the $3,622.64. The statute, an act for the relief of the plaintiff, H.R. 2747, 84th Cong., 1st Sess., enacted as Private Law 423, c. 761, 69 Stat. A144, approved August 9, 1955, provided so far as here relevant:

> "That, except as hereinafter provided, McFarland Cockrill, colonel, United States Army, retired, O4938, be, and he is hereby, relieved of any and all liability to the United States for any amounts paid to him as salary by the Fort Sam Houston Golf Club, a nonappropriated fund activity of the Army, and any amounts paid to him as retired pay from the United States Army, during the period beginning November 1, 1946, and ending December 15, 1951, both dates inclusive: *Pro-*

*vided, however,* That any sums heretofore withheld from the retired pay of Colonel Cockrill shall be retained by the United States."

■ The legislative history of this act for the relief of the plaintiff shows that the House of Representatives proposed to waive the Government's claim to the entire $16,050. H.R. Rep. No. 261, 84th Cong., 1st Sess. (on H.R. 2747). However, the Judiciary Committee of the Senate inserted the proviso which appears at the end of section 1 of the act, supra. S.Rep. No. 838, 84th Cong., 1st Sess. (on H.R. 2747). The Senate Committee report said:

> "The purpose of the proposed amendment is to retain the retired pay previously withheld from Colonel Cockrill as an offset toward his indebtedness to the Government."

The committee report shows that the plaintiff and the officers of the golf club had mistakenly thought that because the plaintiff had been retired from the Army for physical disability, the Economy Act did not apply to him. The exemption from the Economy Act was, however, applicable only to officers who had incurred disability in combat with the enemy or as a result of an explosion of an instrumentality of war, 5 U.S.C.A. § 59a(b).

It is apparent from the legislative history that the view of Congress was that the plaintiff was indebted to the Government, as the Comptroller General had ruled that he was, but that in view of the bona fide mistake which resulted in the plaintiff's doing several years' work for which, legally, he could not be paid, he was entitled to consideration as a matter of grace. As enacted, the statute did not waive the Government's asserted right to the entire $16,-050, but only to the part which the Government had not collected, which was the major part.

The plaintiff contends that his salary from the Golf Club was not a salary from a position "under the United States

Government"; that he was, therefore, fully entitled to receive and keep that salary, as well as his retired pay; that the collection back from him of the $3,-622.64 was, therefore, illegal; and that the attempt of Congress, in the proviso in the 1955 Private Act, to legalize the collection of the $3,622.64 was ineffective. The plaintiff does not tell us why the attempt was ineffective.

If, in fact and in law, the Golf Club position was not a position "under the United States Government," within the meaning of the Economy Act, an attempt by Congress to deduct the Golf Club salary, or any part of it, from money otherwise admittedly due the plaintiff from the Government, would raise a troublesome constitutional question. It would mean that any other retired officer could work for any other golf club operated with non-appropriated funds and receive and keep his salary for that work, and that if the Government deducted the amount of the salary, or any part of it, from money otherwise due him from the Government, he could sue the Government and recover the amount so deducted. But if any other officer so situated would have that right, Congress could not validly single out the plaintiff, merely because he had gone to Congress rather than to court, in his effort to obtain what was his right. Stated differently, Congress would have adjudicated his case, decided that he had no legal right, but given him, as an act of grace, most of the relief which he asked for. But Congress does not have the power to adjudicate the cases of individuals, and an Act of Congress purporting to do so is invalid as a Bill of Attainder. See United States v. Lovett, 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252, affirming Lovett v. United States, 66 F.Supp. 142, 104 Ct.Cl. 557; also Johnson v. United States, 79 F.Supp. 208, 111 Ct.Cl. 750, 761 (concurring opinion).

It is therefore necessary that we determine whether the plaintiff's position at the Fort Sam Houston Golf Club was a position "under the United States Government," within the meaning of the Economy Act. But neither party to this suit has, by way of official documents, affidavits, or legal brief, adequately advised us of either the facts or the law upon which we can base a decision.

The motions of both parties are denied, without prejudice.

It is so ordered.

JONES, Chief Judge and DURFEE, LARAMORE and WHITAKER, Judges, concur.